UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al. ex rel.* LAZARO SUAREZ,<br><br>　　　　*Plaintiffs/Relator,*<br><br>　　v.<br><br>ABBVIE INC., *et al.*,<br><br>　　　　*Defendants.* | Case No. 1:15-cv-08928<br><br>Honorable Rebecca Pallmeyer |

## THE UNITED STATES OF AMERICA'S STATEMENT OF INTEREST IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS (DOC. 58)

The United States, the real party in interest in this action,[1] hereby submits this Statement of Interest pursuant to 28 U.S.C. § 517 to respond to Defendants' Motion to Dismiss (Doc. 58), in which they urge this Court to adopt an incorrect legal standard for evaluating *scienter* under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733. Defendants erroneously argue that the existence of an "objectively reasonable" reading of the Anti-Kickback Statute ("AKS") defeats a finding of *scienter* under the FCA as a matter of law, even if the defendant did not rely on that reading at the time of the alleged misconduct. This argument ignores both the FCA's text and purpose, as well as a recent Supreme Court case rejecting a similar argument. *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923, 1933 & n.* (2016) (holding that "culpability is generally measured against the knowledge of the actor at the time of the challenged conduct"). Properly read, the FCA looks to a defendant's knowledge at the time of the violation, 31 U.S.C. §

---

[1] The United States remains the real party in interest in this matter, even though it has not intervened in the action. *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933-35 (2009).

3729(b), and does not allow a defendant to escape liability based "solely on the strength of his attorney's ingenuity." *Id.* The United States therefore respectfully urges the Court to reject Defendants' argument.

## ARGUMENT

The FCA renders liable those who "knowingly" use falsehoods to seek government funds. *Id.* § 3729(a)(1). The FCA defines "knowing" and "knowingly" to "mean that a person, with respect to information—(1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information." *Id.* § 3729(b). By its terms, then, the FCA focuses on a person's knowledge at the time of the alleged misconduct, and that knowledge may be established by showing not only that the person acted objectively unreasonable (by acting in reckless disregard of the truth), but also subjectively unreasonable (either because the defendant was aware of the truth or deliberately ignored the truth). Indeed, when Congress added the reference to deliberate ignorance in 1986, it intended that change and others to address "ostrich-like" conduct by government contractors and made clear that while the Act is not intended to punish "honest mistakes or incorrect claims submitted through mere negligence," those doing business with the government may not put their head in the sand but rather "have an obligation to make a limited inquiry to ensure the claims they submit are accurate." S. Rep. No. 345, 99th Cong., 2 Sess. 4, 7 (1986).

In light of the Act's definition of knowledge, courts have held that a defendant's identification after the fact of a reasonable interpretation of an ambiguous legal requirement does not automatically shield him from FCA liability. *United States ex rel. Phalp v. Lincare Holdings Inc.*, 857 F.3d 1148, 1155-56 (11th Cir. 2017) ("[S]cienter is not determined by the ambiguity of

2

a regulation, and can exist even if a defendant's interpretation is reasonable."); *United States ex rel. K & R Ltd. P'ship v. Massachusetts Hous. Fin. Agency*, 530 F.3d 980, 983 (D.C. Cir. 2008) (concluding that although defendant offered a plausible interpretation of ambiguous mortgage notes, it must consider whether the defendant "at least recklessly disregarded the falsity of its claims"); *United States ex rel. Minnesota Ass'n of Nurse Anesthetists v. Allina Health Sys. Corp.*, 276 F.3d 1032, 1053-54 (8th Cir. 2002) ("If the Association shows the defendants certified compliance with the regulation knowing … that their actions did not satisfy the requirements of the regulation as the [government] interpreted it, any possible ambiguity of the regulation is water under the bridge."); *United States ex rel. Oliver v. Parson Co.*, 195 F. 3d 457, 464 (9th Cir. 1999) (requiring that a contractor adopt its reading in good faith and noting that, in such instance, the contractor "is not subject to liability, not because his or her interpretation was correct or 'reasonable' but because the good faith nature of his or her action forecloses the possibility that the *scienter* requirement is met").

The Supreme Court's recent decision in *Halo Electronics* illustrates the general rule that a defendant's scienter should be assessed at the time of his or her conduct. There, the Court discarded, as unduly demanding, the Federal Circuit's "objective recklessness" requirement for awarding enhanced damages in patent infringement cases, which made *dispositive* an unscrupulous infringer's ability to escape enhanced damages by "muster[ing] a reasonable (even though unsuccessful) defense at the infringement trial," "even if he did not act on the basis of the defense or was even aware of it." 136 S. Ct. at 1932-33. The Court explained that, rather than allow such an infringer to escape liability "solely on the strength of his attorney's ingenuity," culpability should be measured "against the knowledge of the actor at the time of the challenged conduct," consistent with common-law tort principles. *Id.*

3

Applying Halo's analysis in FCA matters, courts and factfinders should employ the FCA's statutory definition of knowledge to evaluate whether the defendant had the requisite *scienter* at the time of his or her actions. If a defendant had "actual knowledge" of a claim's failure to comply with applicable requirements at the time it is submitted, then it is no defense that the defendant (or defense counsel) can subsequently advance an erroneous but reasonable alternative view of those requirements. Likewise, if a defendant deliberately ignored applicable requirements when submitting a claim for payment, it is no defense that the defendant might have been able to advance a reasonable but erroneous interpretation had the defendant undertaken an appropriate inquiry. A contrary rule would frustrate the government's ability to hold accountable unscrupulous actors who, *post hoc*, attempt to concoct "reasonable" yet erroneous interpretations of statutory, regulatory, and contractual requirements that did not actually affect their submission of false claims to the government. Of course, where a defendant can demonstrate that he relied on a good faith, even if erroneous, interpretation of the law at the time he acted, a factfinder may properly consider the defendant's good faith in determining whether the defendant acted knowingly. *See, e.g.*, *Parson Co.*, 195 F. 3d at 464.

Defendants urge this Court, instead, to find as a matter of law that the existence of an "objectively reasonable" interpretation of applicable statutes, regulations, and guidance forecloses the possibility of proving *scienter* under the FCA – even if the defendant did not rely on any such interpretation at the time he submitted false claims to the government. This argument should be rejected.

First, Defendants' argument rests on an unwarranted extension of *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007), which construed the statutory term "willfully" in the Fair Credit Reporting Act (FCRA) to encompass "reckless disregard," and held that this requirement

4

was satisfied where the defendant's conduct complied with an objectively reasonable interpretation of the law. *Safeco*'s analysis does not control under the FCA, however, because unlike the FCA, FCRA does not use the terms "actual knowledge" or "deliberate ignorance." As noted above, these latter terms clearly require consideration of the defendant's subjective state of mind.

Moreover, *Halo* expressly rejected the argument that *Safeco* endorsed the use of *post-hoc* rationalizations in evaluating a defendant's scienter. Rather, the Court made clear that, even as to the recklessness standard applicable in *Safeco*, the Court decided the question of the defendant's *scienter* on the understanding that the defendant, "at the time of its unlawful conduct," had actually relied on a reasonable (though erroneous) interpretation of the law. *See* 551 U.S. at 68. Indeed, *Halo* expressly rejected the argument that *Safeco* constituted an exception to the proposition that "culpability is generally measured against the knowledge of the actor at the time of the challenged conduct." *Halo*, 136 S. Ct. at 1932-33 ("Nothing in *Safeco* suggests that we should look to facts that the defendant neither knew nor had reason to know at the time he acted.").

Second, Defendants misread *United States ex rel. Streck v. Allergan, Inc.*, No. 17-1014, 2018 WL 3949031 (3d. Cir. 2018), an unpublished decision, as adopting their rejected reading of *Safeco*. In *Streck*, the Third Circuit concluded that defendants did not knowingly violate the FCA by excluding price-appreciation credits in calculating a drug's average manufacturer price because the statute was ambiguous, and there was no evidence that the defendants were aware at the time that their reading of the statute was erroneous. 2018 WL 3949031 at *5-6. Thus, *Streck* does not support Defendants argument here that a defendant can avoid scienter as a matter of law merely by claiming during litigation that its conduct conformed to an objectively reasonable interpretation of the law.[2]

---

[2] *In Streck,* the Third Circuit focused on whether the government warned the defendant away from

Third, Defendants' reliance on *United States ex rel. Purcell v. MWI Corporation*, 807 F.3d 281 (D.C. Cir. 2015), and *United States ex rel. Hixson v. Health Management Systems, Inc.*, 613 F.3d 1186 (8th Cir. 2010), is similarly misplaced. In *Purcell*, the D.C. Circuit held that because the FCA imposes liability only for "knowing" violations, the Act does not reach claims for payment that are "based on reasonable but erroneous interpretations of defendant's legal obligations." 807 F.3d 281, 287-88. But the court noted that determining a defendant's knowledge "cannot readily be labeled as a 'purely legal' question" for "proving knowledge is in part an evidentiary question." *Id.* at 288. To the extent Defendants argue here that *Purcell* stands for the proposition that as a matter of law a defendant can defeat the element of scienter if he can point to the existence of an objectively reasonable interpretation of an ambiguous legal requirement untethered to the defendant's knowledge at the time of his conduct, such a reading is inconsistent with the Supreme Court's subsequent decision in *Halo*.

---

its interpretation of the prevailing statute in evaluating the defendant's contemporaneous knowledge. In other circumstances, however, a defendant may gain the requisite knowledge from sources other than the government. By the same token, in some circumstances, a defendant may have had a good faith basis for rejecting the government's interpretation of a statutory or regulatory ambiguity. The key point is that in *Streck* the Third Circuit acknowledged that the FCA's definition of "knowing" includes both objective and subjective elements and therefore, consistent with *Halo*, that the question of whether a defendant acted with the requisite scienter must be evaluated by reference to the defendant's mind set at the time of the challenged conduct.

In *Hixson*, the Eighth Circuit affirmed dismissal of an FCA complaint under circumstances similar to those at issue in *Streck:* the defendants' interpretation of an ambiguous legal question was reasonable, and there was no indication that defendants had notice of the correct standard or otherwise acted in deliberate ignorance or reckless disregard of the truth at the time of claim submission. 613 F.3d at 1190-91. Moreover, that decision must be read in concert with the Eighth Circuit's earlier decision in *Allina* (not cited by Defendants), where it made clear that a defendant's subjective knowledge is relevant to whether a defendant acted with the requisite scienter. 276 F.3d at 1053-56.

In short, Defendants' reading of these decisions, if adopted, would allow for precisely the *post-hoc* loophole that Congress was concerned about when it enacted the FCA's current definition of knowledge, and that the Supreme Court rejected in *Halo*. This Court therefore should reject the Defendants' attempt to foreclose a finding of scienter whenever a defendant can point to an "objectively reasonable" interpretation that played no role in the defendant's actual conduct, and instead reaffirm the principle that knowledge turns on the defendant's mindset at the time of the challenged conduct.

**CONCLUSION**

For these reasons, the United States respectfully requests that this Court reject Defendants' argument that a finding of *scienter* here is foreclosed as a matter of law. The government otherwise takes no position on Defendants' Motion and their alternative grounds for dismissal.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JOHN R. LAUSCH, JR.
United States Attorney

s/ Linda A. Wawzenski
LINDA A. WAWZENSKI
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-1994
linda.wawzenski@usdoj.gov

MICHAEL D. GRANSTON
JAMIE ANN YAVELBERG
CHRISTOPHER G. WILSON
Attorneys, Civil Division
U.S. Department of Justice
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044
Tel: (614) 255-1630
Email: christopher.g.wilson@usdoj.gov

*Attorneys for the United States*