IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* LAZARO SUAREZ, and on behalf of the STATE OF CALIFORNIA, *ex rel.*,<br><br>    Plaintiff-Relator<br><br>    v.<br><br>ABBVIE INC.<br><br>    Defendant. | Case No. 15-cv-08928<br><br>Honorable Rebecca R. Pallmeyer |

**THE STATE OF CALIFORNIA'S STATEMENT OF INTEREST
IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS RELATOR'S SECOND
AMENDED COMPLAINT (DOC. 87)**

The State of California ("State") respectfully submits this Statement of Interest to respond to certain arguments made by Defendant AbbVie, Inc. ("Defendant" or "AbbVie") in its Motion to Dismiss Relator's Second Amended Complaint. ECF No. 87. Although the State has not formally intervened at this time, it remains the real party in interest as to Relator's claim brought on its behalf for a violation of the California False Claims Act ("CFCA"). *See* Cal. Gov. Code § 12652(c)(1). The CFCA is an important tool to redress fraud on the public in California, and the State has a substantial interest in the development of the law in this area and its correct application in this and similar cases. Given this substantial interest, the State asks this Court to deny AbbVie's motion as to Relator's CFCA claim. In the alternative, the State requests that any dismissal of the CFCA claim be without prejudice.

### I. THE COMPLAINT STATES A CLAIM UNDER LIBERAL CFCA STANDARDS.

The CFCA provides for the imposition of civil penalties and treble damages as to any person who "[k]nowingly presents or causes to be presented a false or fraudulent claim for payment or approval" or who "knowingly makes, uses, or causes to be made or used a false record or statement material to a false or fraudulent claim for payment" to the State of California. *See* Cal. Gov. Code § 12651(a)(1)-(2). Relatedly, the payment or receipt of bribes or kickbacks is prohibited under California law under Cal. Bus. & Prof. Code §§ 650 and 650.1 and is specifically prohibited in the treatment of Medi-Cal patients under Cal. Welf. Inst. Code § 14107.2. Relator alleges violations of these provisions in the operative Complaint.

#### A. The CFCA Must Be "Liberally Construed."

The CFCA serves to "prevent fraud on the public treasury." *See City of Pomona v. Super. Ct.*, 89 Cal. App. 4th 793, 801 (2001) (citation omitted). In light of this important purpose, the CFCA is to be "liberally construed and applied to promote the public interest." Cal. Gov. Code § 12655(c). Indeed, California courts have directed that the statute be read broadly to "give the

widest possible coverage and effect to the prohibitions and remedies it provides." *S.F. Unified Sch. Dist. ex rel. Contreras v. Laidlaw Trans., Inc.*, 182 Cal. App. 4th 438, 446 (2010); *see also e.g., Francisco Bay Area Rapid Transit Dist. v. Spencer*, No. C 04–04632, 2007 WL 81899, *1 (N.D. Cal. Jan. 9, 2007) (giving "broad construction to the CFCA"). Such a broad application applies equally to the Relator's CFCA claims in this case.

### B. Relator's Allegations Satisfy the Liberal Standards Under the CFCA.

In the operative Second Amended Complaint (ECF No. 78, the "Complaint"), Relator alleges that AbbVie created and deployed the "Nurse Ambassador Program" as a kickback to incentivize and increase prescriptions of its drug, Humira, in violation of state and federal qui tam statutes, including the CFCA, and anti-kickback statutes. As detailed in the Complaint, AbbVie provides free professional services to doctors through the Nurse Ambassador program in exchange for the doctors choosing Humira over another course of treatment. Complaint ¶ 3. These Nurse Ambassadors allegedly serve as an extension of the doctor's office, saving prescribers time, money, and resources they or their staff would otherwise spend on insurance authorization assistance, non-billable patient calls, and other administrative tasks. *Id.* ¶¶ 4, 68. Relator alleges that when an AbbVie nurse performs these tasks for a physician, the doctor has more time and personnel resources available for more lucrative tasks. *Id.* ¶¶ 4-6. To obfuscate these administrative and financial benefits to doctors, AbbVie allegedly characterizes the Program as limited to "patient education and support." *Id*. ¶ 8. Contrary to this public stated purpose, however, Relator alleges that AbbVie ties all variable compensation for the Ambassadors to prescription-related metrics, (*id.* ¶ 9), evaluates Ambassadors on sales-related metrics, and does not permit Ambassadors to provide patients with fair and balanced information about the side effects and risks of the drug. *Id.* ¶ 116.

In sum, Relator alleges that AbbVie set up a system through which physicians received independent value in the form of free professional services and support if those physicians chose to prescribe Humira, which was ultimately reimbursed by California's Medicaid program, Medi-Cal. These allegations state a claim under the CFCA for false claims to Medi-Cal induced by unlawful remuneration, or kickbacks. This is particularly so given the express guidance mandating a broad interpretation of the statute. *Laidlaw Trans., Inc.*, 182 Cal. App. 4th at 446.

C. **Concerns for Patient Safety Further Illustrate the Dangers of the Alleged Kickbacks in This Case.**

One of the many reasons kickbacks are prohibited is because they improperly affect clinical decision-making. The allegations of fraud in this case, if ultimately proven true, carry the risk of patient harm by placing pharmaceutical company representatives directly into patient's homes, hindering the flow of information and communications between doctor and patient, replacing it with communications between the patient and pharmaceutical company.

II. **THE CFCA'S LIBERAL SCIENTER REQUIREMENTS ARE SATISFIED.**

The State has reviewed AbbVie's arguments and submits they do not undermine the conclusion that Relator's allegations readily state a claim under the CFCA.[1]

Under California law, to state a violation of the CFCA, Relator must allege that the defendant acted "knowingly." *See* Cal. Gov. Code § 12650. This includes acting with "deliberate ignorance" or "reckless disregard" for the truth or falsity of information. *See* Cal. Gov. Code § 12650(b)(3)(B)-(C). "Proof of specific intent to defraud is not required." *Id.* While these provisions for scienter at first appear to mirror those in the federal FCA, the requisite scienter for an underlying kickback triggering a false claim differs for federal and California state claims.

---

[1] The State does not separately address the parties' arguments as to the pleading standard, except to note that, from the State's perspective, the level of detail easily provides the proverbial "who, what when, where, why" to Defendant.

*See People v. Guiamelon,* 205 Cal. App. 4th 383, 404–05, 140 Cal. Rptr. 3d 584, 600 (2012) (contrasting federal Anti-Kickback Statute claim and a kickback claim under California state law). In particular, federal law "suggests that . . . a defendant must act with knowledge that his or her conduct is unlawful," whereas under California law, "the defendant need not know his or her conduct is unlawful." *Id.*[2]

AbbVie argues that Relator has not established the requisite scienter under the CFCA because he has not shown that there is "no reasonable interpretation of the law that would make the allegedly false statement true." Dkt. 87 at 3. In support, AbbVie raises certain OIG guidance it characterizes as recognizing that a pharmaceutical company can provide product and reimbursement support services without violating the law. *Id.* OIG guidance is not binding on the State, and does not transform AbbVie's conduct from illegal to legal for purposes of the CFCA, particularly as such conduct is alleged at the motion to dismiss stage and in light of Relator's competing allegations of AbbVie's knowing scheme to induce and reward prescriptions of its drug.

In this context, the Court should not credit AbbVie's interpretation and conclude that scienter cannot be established as a matter of law as to the State at the pleading stage. *Accord* ECF No. 61 (United States of America's Statement of Interest in Response to Defendants' Motion to Dismiss).

### III.　IN THE ALTERNATIVE, THE STATE OF CALIFORNIA REQUESTS THAT ANY DISMISSAL BE *WITHOUT* PREJUDICE.

If the Court is inclined to dismiss the CFCA claim for any reason, the State requests that any such dismissal be without prejudice.

---

[2] To further underscore the CFCA's liberal scienter standard, even inadvertent falsity not subsequently corrected can be cognizable under the statute. *See* Cal. Gov. Code 12651(a)(8).

IV.     **CONCLUSION.**

For these reasons, the State of California respectfully requests that this Court reject Defendants' arguments and deny the motion to dismiss Relator's CFCA claim. In the alternative, the State asks that any CFCA dismissal be without prejudice.

Dated: March 11, 2020            Respectfully submitted,

XAVIER BECERRA
Attorney General of California


/s/ Jennifer S. Gregory
JENNIFER S. GREGORY
Deputy Attorney General
*Attorneys for Plaintiff State of California*