IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* LAZARO SUAREZ, and on behalf of the STATE OF CALIFORNIA, *et al.*,<br><br>　　　　Plaintiff-Relator.<br><br>　v.<br><br>ABBVIE INC.,<br><br>　　　　Defendant. | Case No. 1:15-cv-08928<br><br>Honorable Rebecca R. Pallmeyer |

**REPLY BRIEF IN SUPPORT OF RELATOR'S SUPPLEMENTAL AUTHORITY IN OPPOSITION TO MOTION TO DISMISS**

The recent decision in *Mayuko Holwill et al. v. AbbVie Inc. et al.*, Case No. 1:18-cv-0679 (N.D. Ill.)("*Holwill*") held—based on allegations directly in line with Relator's here that AbbVie's Nurse Ambassador Program eliminates expenses that physicians would otherwise incur—that the Plaintiffs had plausibly alleged unlawful kickbacks. *Holwill* supports why AbbVie's motion to dismiss Relator's Complaint should be denied. AbbVie's attempt to argue otherwise is misplaced.

*First,* AbbVie implies that *Holwill* was wrongly decided. But AbbVie does not meaningfully respond to the opinion's reasoning. Yet *Holwill* makes clear why "Plaintiffs have alleged facts with sufficient particularity to support their claim that AbbVie provided unlawful kickbacks to physicians who prescribed Humira." *Id.* at 4. AbbVie cannot escape that conclusion by relying on its own self-serving characterization of the Ambassador Program. AbbVie also claims that *Holwill* is wrong on the law of scienter, a conclusion it reaches only by improperly putting each factual allegation in a separate silo. In securities cases, though, courts examine "all of the facts alleged, taken collectively", and "not whether any individual allegation, scrutinized in isolation" raises a strong inference of scienter. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007). Thus, even under the stringent pleading standard for scienter in securities cases, given the various inter-connected building blocks, scienter in *Holwill* was satisfied. It is likewise satisfied here.

*Second,* AbbVie argues that *Holwill* is distinguishable due to the allegations that AbbVie supplied meals, items of value, and similar inducements for prescriptions—items AbbVie cannot deny are kickbacks, but claims Relator has not alleged here. Dkt. No. 117 at 3.[1] Yet Relator

---

[1] The *Holwill* complaint was filed based on the unsealing of this matter and Relator's case alleging kickbacks under the California Insurance Frauds Prevention Act ("California CDI matter") and the alleged market impact that followed. *Id.* at 2-3. The California CDI matter brought extensive allegations involving the Ambassador Program as a kickback under the Insurance Frauds Prevention Act, and that case was resolved earlier this year. *See State of California ex rel. Suarez v. AbbVie Inc.*, No. RG18893169 (Cal. Super. Ct.) *and* Settlement Agreement, available at: http://www.insurance.ca.gov/0400-news/0100-press-releases/2020/upload/AbbVieSettlementAgreement2020.pdf . The settlement agreement provided for (and was predicated upon) non-monetary terms involving AbbVie's and

- 1 -

2041441.2

alleges that AbbVie created the Ambassador Program to induce HUMIRA prescriptions by providing economic value to doctors and their staff.

To effectuate that hidden purpose, in addition to their key work with patients as so-called extensions of the doctors' offices, Ambassadors provided time, assistance, and benefits and were part of AbbVie's speaker dinner program (Compl. at ¶¶ 110-111). For example, Relator describes meals and materials provided to office staff in connection with the program, as well as shorter visits (about which they Ambassadors were instructed "don't document") (*id.* at ¶¶ 99-100, 105), identifies specific "doctors who were influenced in their prescribing behavior by speaker dinners" (*id.* at ¶ 111), and alleges that "AbbVie's deployment of Ambassadors to these [speaker] dinners was designed to influence prescription decisions" (*id.* at ¶ 112). Thus, AbbVie's attempted dichotomy between gifts and meals, on the one hand, and the time-saving clinical and insurance work, on the other, misses the point that the Ambassador Program was a vehicle to provide benefits to doctors to induce prescriptions.

Relator respectfully submits that *Holwill* is instructive as to whether Relator has alleged the existence of kickbacks and has satisfied the scienter requirement.

Dated: September 18, 2020          Respectfully submitted,

                                   */s/ Rachel Geman*

                                   Rachel Geman (Pro Hac Vice)
                                   rgeman@lchb.com
                                   Jason L. Lichtman
                                   jlichtman@lchb.com
                                   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                   250 Hudson Street, 8th Floor
                                   New York, NY 10013-1413
                                   Telephone: 212.355.9500
                                   Facsimile: 212.355.9592

---

Ambassadors' interactions with doctors and patients (among other things). *See* Settlement Agreement, ¶1(a)-(k). The terms are only applicable in California, however. *Id.*

/s/ *Robert A. Clifford*
Robert A. Clifford
rac@cliffordlaw.com
Shannon M. McNulty
smm@cliffordlaw.com
Kristofer S. Riddle
ksr@cliffordlaw.com
120 N. LaSalle Street, Suite 3100
Chicago, Illinois 60602
Telephone: 312.899.9090
Facsimile: 312.251.1160

*Attorneys for Plaintiff-Relator Lazaro Suarez*

- 3 -

2041441.2

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2020 the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Rachel Geman*
Rachel Geman