FIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* LAZARO SUAREZ, and on behalf of the STATE OF FLORIDA, *ex rel.*,<br><br>        Plaintiff-Relator.<br><br>    v.<br><br>ABBVIE INC.,<br><br>        Defendant. | Case No. 1:15-cv-08928<br><br>Honorable Rebecca R. Pallmeyer |

## REPORT OF PARTIES' PLANNING MEETING

1.    **Meeting**. Pursuant to Fed. R. Civ. P. 26(f), on February 1, 2021 the Parties held a planning meeting via teleconference, which was attended by Rachel Geman, Katherine McBride, and Shannon McNulty for the Plaintiff-Relator and Brent Rogers, Britt Cramer, and Anne Reser for the Defendant.

2.    **Nature of the Case.**

    a.    This is an action to recover damages and civil penalties on behalf of the United States and the State of Florida against Defendant AbbVie Inc. ("AbbVie") under the False Claims Act and the State of Florida False Claims Act, Fla. Stat. § 68.081 et seq. involving a drug called Humira. Plaintiff-Relator alleges that AbbVie marketed and sold Humira pursuant to a kickback scheme involving its Ambassador Program. AbbVie denies these allegations and any claims of wrongdoing whatsoever. AbbVie denies that Plaintiff-Relator can state or prove any claims, or is entitled to damages of any kind.

b. Defendant moved to dismiss Relator's Second Amended Complaint ("SAC") for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The Court granted in part and denied in part that motion.

c. Plaintiff-Relator asserts that this Court has federal jurisdiction pursuant to 28 U.S.C. § l33l (federal question jurisdiction) and 3l U.S.C. § 3732 (jurisdiction for actions brought under the Federal False Claims Act) and that this Court has supplemental jurisdiction over the state claim under 28 U.S.C. § 1367. Defendant asserts that this Court lacks subject matter jurisdiction over Plaintiff-Relator's claims pursuant to the public disclosure bar, 31 U.S.C. §3730(e)(4).

d. Defendant has moved to reassign *Holwill v. AbbVie Inc.*, No. 1:18-cv-6790 (Norgle, J.)—a putative securities class action— to this Court under Local Rule 40.4(b). Dkt. 125. Plaintiff-Relator will respond to that motion on March 2, 2021. Dkt. 127.

3. **Pre-trial Schedule**. The parties jointly propose the following discovery plan:

a. **General Discovery Subjects**: Both parties hereby reserve all rights with respect to objections relating to the appropriate scope of discovery. The parties anticipate discovery as to:

i. the Ambassador Program, including among other things, the nature, scope, development, purpose, operation, marketing, impact, and value of the Program covering, affecting, or in Florida; and,

ii. the work and experiences of Plaintiff-Relator (including as relates to his knowledge of the facts alleged in the SAC).

b. **Initial Disclosures:** The Parties exchanged Rule 26(a)(1) disclosures on February 19, 2021.

c. **Early ESI Planning**: The parties have discussed discovery of electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps to preserve relevant and discoverable ESI within their possession, custody, or control. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties agree they will meet and confer in good faith regarding search terms and custodians to identify potentially relevant, non-duplicative ESI.

d. **Document Production**: Discovery is open for all purposes. The parties must substantially complete document production on or before November 5, 2021 in response to all document requests served by July 8, 2021.

e. **Fact Discovery**: Fact discovery will be completed by February 28, 2022.

f. **Depositions and Other Discovery**: The parties are likely to have a better grasp on the number of depositions they will need once document discovery commences in earnest.

g. **Experts**: The total number of experts will depend on the nature and extent of the fact discovery completed. The Parties expect a significant volume of data, document, and other discovery, and that certain expert work cannot timely occur until the conclusion of fact discovery. Any expert depositions will not count toward the applicable deposition limit. Reports and depositions of retained experts under Rule 26(a)(2) shall be disclosed as follows:

   i. Expert reports on issues where a party bears the burden of proof are due on or before April 11, 2022.

   ii. Responsive expert reports are due on or before May 27, 2022.

iii. Expert depositions are to be completed on or before June 29, 2022.

iv. Expert discovery closes, and expert reply reports, if any, are due on or before July 12, 2022.

h. **Dispositive Motions and Motions to Exclude Expert Testimony**: Dispositive motions should be filed by September 12, 2022. The parties may file motions to exclude expert testimony on that same day.

4. **Trial**:

a. **Final pretrial order**: Plaintiff shall prepare a proposed draft by November 14, 2022; parties to file joint final pretrial order by December 5, 2022.

b. **Duration**: The case should be ready for trial by February 20, 2023, subject to the Court's trial calendar and rulings on dispositive motions, and at this time is expected to take approximately two to three weeks.

5. **Expected Evidentiary Proceedings**: The parties anticipate there may be *Daubert* hearings and a jury trial.

6. **Settlement**: Plaintiff-Relator made a written settlement demand to the Defendant on February 3, 2021. AbbVie will respond at least three days before the Rule 16(f) scheduling conference.

7. **Consent**: At this time the parties do not consent to proceed before a Magistrate Judge.

Dated: February 22, 2021                    Respectfully submitted,


*/s/ Shannon M. McNulty*                    */s/ Brenton Rogers*
Shannon M. McNulty                          Andrew A. Kassof, P.C.
CLIFFORD LAW OFFICES, P.C.                  Elizabeth Hess, P.C.
120 North LaSalle Street, Suite 3100        Brenton Rogers
Chicago, IL 60602                           Britt Cramer
smm@cliffordlaw.com                         Anne H. K. Reser
Telephone: (312) 899-9090                   KIRKLAND & ELLIS LLP
                                            300 North LaSalle
Rachel Geman (*pro hac vice*)               Chicago, IL 60654
Jason L. Lichtman                           britt.cramer@kirkland.com
LIEFF CABRASER HEIMANN &                    Telephone: (312) 862-2000
BERNSTEIN, LLP                              Facsimile: (312) 862-2200
250 Hudson Street, 8th Floor
New York, NY 10013-1413                     *Attorneys for Defendant*
rgeman@lchb.com
jlichtman@lchb.com
Telephone: 212.355.9500
Facsimile: 212.355.9592

*Attorneys for Plaintiff-Relator*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2021 the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Rachel J. Geman*